UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HYUNG KIM,  CIVIL NO. 09-784 (JRT/JSM)

  Plaintiff,

v.  REPORT AND RECOMMENDATION

SECURITAS SECURITY SERVICES USA INC.,

  Defendant.

JANIE S. MAYERON, United States Magistrate Judge.

The above matter came before the undersigned on July 19, 2010 upon defendant's Motion for Summary Judgment [Docket No. 13]. Sarah E. Morris, Esq. appeared on behalf of defendant; pro se plaintiff Hyung Kim made no appearance and did not file a written response. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b).

**I.  BACKGROUND**

Plaintiff filed this action on April 7, 2009 alleging that defendant, his former employer, had given him unequal pay and hours in violation of the Equal Pay Act ("EPA") and terminated him in retaliation for his complaints.[1] Complaint [Docket No. 1].

---

[1] Although it is not stated in the Complaint, defendant has interpreted plaintiff's retaliation claim to be a claim arising under the EPA as authorized by the Fair Labor Standards Act ("FLSA"). Plaintiff has not disputed defendant's characterization of the claim and has not suggested any other statutory support for it. This Court therefore treats the retaliation claim as one arising under EPA and authorized by the FLSA.

Defendant filed an Answer to the Complaint on August 24, 2009 and an Amended Answer on September 11, 2009.  See Docket Nos. 6-7.

On May 4, 2010, defendant's counsel served plaintiff by mail at his last known address with defendant's Motion for Summary Judgment and supporting materials.  See Docket Nos. 13-18.

On June 4, 2010, this Court ordered plaintiff to serve and file a response to defendant's Motion for Summary Judgment on or before June 28, 2010.  See June 4, 2010 Order [Docket No. 20].  On the same date, this Court ordered that the hearing on defendant's Motion for Summary Judgment would take place on July 19, 2010, at 1:00 p.m. at the United States District Courthouse in St. Paul, Minnesota, in Courtroom 6B.  Id.  Plaintiff did not respond in any manner to defendant's Motion for Summary Judgment and did not make an appearance at the hearing.

## II.    STANDARD OF REVIEW

Summary judgment is proper when, drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  The moving party bears the burden of showing that there are no genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  If the moving party carries its burden, the nonmoving party must point to specific facts in the record that create a genuine issue for trial.  Anderson, 477 U.S. at 256.  The non-moving party must "substantiate his allegations with sufficient probative evidence that would permit a finding in [their] favor based on more than mere

speculation, conjecture, or fantasy." Wilson v. Int'l. Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995).

## III. FACTS

The undisputed facts are as follows. Plaintiff was employed as a Security Officer for defendant from February 24, 2006 to March 14, 2007. Affidavit of Candace LeVesseur ("LeVesseur Aff."), ¶ 3. Plaintiff's last day of work was March 11, 2007, when he was terminated for failing to report to work. Id. Defendant mailed to plaintiff his last paycheck on March 25 or 26, 2007, and this check cleared defendant's bank account on April 5, 2007. Id., ¶¶ 5, 6, Exs. B and C. Plaintiff filed this action on April 7, 2009. See Docket No. 1.

Defendant stated under oath that it paid plaintiff the same wages it paid women security officers doing jobs involving substantially equal skill, training, experience, education, ability, effort, responsibility and working conditions. LeVesseur Aff., ¶ 7.

## IV. ANALYSIS

Plaintiff's last day of work was March 11, 2007. LeVesseur Aff., ¶ 3. His last check was mailed to him on March 25 or 26, 2007 and was received by him no later than April 5, 2007. Id., ¶¶ 5, 6, Exs. B and C. Plaintiff filed this action on April 7, 2009. See Docket No. 1. An action alleging a violation of the EPA must be brought within two years of the date on which the cause of action accrued.[2] 29 U.S.C. § 255(a). This

---

[2] Defendant appropriately acknowledged that there is question of whether a cause of action under the EPA begins accruing when an allegedly unequal paycheck is issued or when the check is received. See Defendant's Mem. at 5 [Docket No. 15]. Each allegedly unequal paycheck is a distinct actionable wrongdoing and effectively resets the statute of limitations. Bazemore v. Friday, 478 U.S. 385, 395 (1986) (applying this principle to an action under Title VII); see also Ashley v. Boyle's Famous Corned Beef

action was brought more than two years from the date on which the cause of action accrued.[3]  The statute of limitations has run and plaintiff's pay claims against defendant under the EPA, 29 U.S.C. § 206(d)(1), are time-barred pursuant to 29 U.S.C. § 255(a).

In addition, plaintiff produced no facts substantiating his claim that defendant violated the EPA.  Specifically, plaintiff has not presented any facts, much less made a

---

Co., 66 F.3d 164, 168 (8th Cir. 1995) (citing Bazemore and explaining that an ongoing practice of discriminatory pay that began prior to the statute of limitations period may nevertheless be considered timely under the doctrine of "continuing violation."); Gandy v. Sullivan County, Tennessee, 24 F.3d 861, 864 (6th Cir. 1994) ("The Equal Pay Act is violated each time an employer presents an 'unequal' paycheck to an employee for equal work.").  The question of whether the statute of limitations begins running upon issuance or upon receipt of the allegedly culpable check, however, is not settled. Indeed, the terms are not well-distinguished and are often used interchangeably even within the same decisions.  Compare Gandy, 24 F.3d at 864 ("The Equal Pay Act is violated each time an employer presents an 'unequal' paycheck to an employee for equal work." (emphasis added)) and Lange v. United States, 79 Fed. Cl. 628, 631 (2007) ("[A] separate cause of action accrues each time the government issues an unlawful paycheck . . ." (emphasis added)) with Gandy, 24 F.3d at 864 (stating that plaintiff's EPA rights were violated "with every check she received." (emphasis added)) and Lange, 79 Fed. Cl. at 631 ("[E]ach time Ms. Lange received an inadequate paycheck, a separate cause of action accrued." (emphasis added)).

The Court observes that a determination that the statute of limitations begins running upon the receipt of a check, rather than upon its issuance, could create the bizarre result of incentivizing prospective plaintiffs to evade or prevent receipt of their paychecks in order to artificially toll the statute of limitations.  Nevertheless, this Court does not need to decide the issue because the undisputed evidence indicates that defendant mailed to plaintiff his final paycheck on March 25 or 26, 2007 and the check was received by plaintiff before April 5, 2007, the date it cleared in defendant's bank account.  See LeVesseur Aff., ¶¶ 5, 6, Exs. B and C.  Thus, the two-year statute of limitations had run whether the cause of action accrued on the date the check was issued or the date it was received.

[3]  Alternatively, if the violation of the EPA was determined to be willful, plaintiff would have had three years to bring an action.  See 29 U.S.C. § 255(a).  However, plaintiff, has not alleged a willful violation of the EPA pursuant to 29 U.S.C. § 206(d). See Complaint [Docket No. 1].  Thus, he had only two years, instead of three years, to bring his action.

4

prima facie display of facts, showing that defendant paid him lower wages than any other female employee for equal work on jobs which require similar qualifications under similar conditions, as required by the Act. See 29 U.S.C. § 206(d)(1); Holland v. Sam's Club, 487 F.3d 641, 645 (8th Cir. 2007); see also Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974). Thus, there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law on plaintiff's EPA claim.

With regards to plaintiff's claim under 29 U.S.C. § 215(a)(3) that defendant retaliated against him in violation of the EPA, (as authorized by the FLSA), this claim is also time-barred pursuant to 29 U.S.C. § 255(a) for the same reasons described above. See Crowley v. Pace Suburban Bus Div. of the Reg'l Transp. Auth., 938 F.2d 797, 800-01 (7th Cir. 1991) (justifying treating the statutes of limitations under 29 U.S.C. § 215(a) and 29 U.S.C. § 255(a) similarly and noting the prevailing line of cases that do the same).

Further, to assert a successful retaliation claim under the EPA, plaintiff must show that he engaged in protected behavior and experienced an adverse employment action as a result of that behavior. Grey v. City of Oak Grove, 396 F.3d 1031, 1034 (8th Cir. 2005) (applying the criteria listed above to a prima facie retaliation case under the FLSA); Windi v. Alle-Kiski Medical Center, 659 F. Supp. 2d 640, 664 (W.D. Pa. 2009) ("The FLSA's antiretaliation provision is applicable to Equal Pay Act retaliation claims."). Plaintiff produced no facts supporting any part of this prima facie case in support of his claim under 29 U.S.C. § 215(a)(3) that defendant retaliated against him in violation of the EPA. There is no genuine issue of material fact and defendant is entitled to judgment as a matter of law on plaintiff's retaliation claim.

## V. RECOMMENDATION

For the reasons set forth above and based on all the files, records, and proceedings herein it is recommended that:

1. Defendant Securitas Security Services USA, Inc.'s Motion for Summary Judgment be **GRANTED**; and

2. Plaintiff's claims against defendant be **DISMISSED** with prejudice.

Dated: August 12, 2010

                                       s/ *Janie S. Mayeron*
                                       JANIE S. MAYERON
                                       United States Magistrate Judge

## **NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 26, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **August 26, 2010**.